**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0963n.06

No.  13-3433

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 07, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| HIMMI RONALD VASQUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM A FINAL ORDER OF THE |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |

Before:  SUHRHEINRICH, WHITE, and DONALD, Circuit Judges.

PER CURIAM.  Himmi Ronald Vasquez, proceeding with counsel, petitions this court for review of a final order issued by the Board of Immigration Appeals dismissing his appeal of an immigration judge's (IJ) decision denying his application for withholding of removal and ordering his removal to El Salvador.

Vasquez is a native citizen of El Salvador.  He entered the United States without inspection in July 2001.  On January 6, 2010, the Department of Homeland Security issued a notice to appear, charging Vasquez with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled.  Vasquez conceded removability, and filed an application for withholding of removal.

Following two hearings, the IJ denied Vasquez's application.  The IJ concluded that because Vasquez experienced no harmful incidents in El Salvador, he did not demonstrate past persecution. The IJ also concluded that Vasquez did not demonstrate membership in a protected social group and

that his purported protected social group—individuals perceived as being wealthy because they have lived in the United States—does not qualify.

Vasquez appealed the IJ's decision to the Board, which dismissed the appeal in a written decision. The Board concluded that the IJ correctly determined that Vasquez did not demonstrate a nexus between any incident and his membership in a protected social group. The Board also concluded that Vasquez's purported social group does not qualify as a protected social group. Vasquez timely filed a petition for review with this court. 8 U.S.C. § 1252(b)(1).

"Where the [Board] reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the [Board's] decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). "To the extent the [Board] adopted the immigration judge's reasoning, however, this Court also reviews the immigration judge's decision." *Id.* "We review agency factual findings, whether made by the Board or the IJ, under the deferential substantial-evidence standard, meaning that the findings are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Pablo-Sanchez v. Holder*, 600 F.3d 592, 594 (6th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(B)). We review legal questions de novo.

To qualify for withholding of removal, Vasquez must show that there is a clear probability that if he returned to El Salvador he would be subject to persecution on the basis of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A); *Khozhaynova v. Holder*, 641 F.3d 187, 192–93 (6th Cir. 2011). The "clear probability" standard is more difficult to meet than the "well-founded fear of persecution" standard in asylum cases. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-31 (1987).

Proving past persecution creates a rebuttable presumption of future persecution. 8 C.F.R. § 1208.16(b). Here, Vasquez testified that he had never been threatened or harassed by gangs when he lived in El Salvador. Substantial evidence, therefore, supports the agency's determination that Vasquez failed to demonstrate past persecution.

Absent past persecution, Vasquez can establish eligibility for withholding of removal if he proves that his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Vasquez asserts that El Salvadorian gangs will persecute him because of his perceived wealth from his long residence in the United States. "General conditions of rampant gang violence alone are insufficient" to qualify for relief. *Umana-Ramos v. Holder*, 724 F.3d 667, 670 (6th Cir. 2013). Additionally, persecution on the basis of one's perceived wealth does not establish persecution on the basis of a statutorily protected group. *Khozhaynova*, 641 F.3d at 195. Lastly, being perceived as wealthy is too general and amorphous to constitute a particular social group. *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73-74 (2d Cir. 2007). Vasquez, therefore, cannot meet the standard for withholding of removal.

For the foregoing reasons, we deny the petition for review.